**O**
**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN BRIDGE TECHNOLOGY, INC, <br><br> Plaintiff, <br> v. <br> APPLE INC., et al., <br><br> Defendants. | Case No. 2:12-cv-4014-ODW(FFMx) <br><br> **ORDER GRANTING IN PART MOTIONS TO SEVER AND TRANSFER [136], [143], [154], [155]** |

Four motions to sever and transfer are pending before the Court. (ECF. Nos. 136, 143, 154, 155.) Defendants contend that newly enacted statute, 35 U.S.C. § 299, expressly prohibits joinder of unrelated defendants on the basis that they have all infringed the patent-in-suit, a tactic frequently used by non-practicing entities.[1] Plaintiff Golden Bridge Technology, Inc. ("GBT") argues that joinder is proper because the Defendants all use the same—or essentially the same—baseband processors; therefore, they infringe the patent-in-suit in the same manner, and the same set of operative facts pervades among the Defendants. Depending on the Court's position on severance, Defendants also move to transfer their cases under 28 U.S.C. § 1404(a) for *forum non conveniens*. For the following reasons, the Court **GRANTS-IN-PART** Defendants' motions.

---

[1] The Court notes the parties' representation that they would likely stipulate to sever and transfer (if desired) the non-moving defendants—if the Court grants these four motions. (Joint Rule 26(f) Report 6.)

## I. BACKGROUND

GBT brought suit against numerous Defendants, for infringement of United States Patent No. 6,075,793, titled High Efficiency Spread Spectrum System and Method. The '793 Patent claims a multichannel-spread-sprectrum system for communicating multiple data-sequence signals from multiple data channels. In this action, GBT joined and grouped certain Defendants having parent and subsidiary relationships. But GBT also joined all Defendants together alleging that all of the Defendants' accused products use "one of two common baseband processors designed and manufactured by Intel Corporation (formerly Infineon Corporation) and Qualcomm, Inc. to practice the claimed inventions." (FAC ¶ 41.) Four Defendants—Motorola Mobility LLC, Amazon.com, Inc., Dell, Inc., and Apple Inc.—dispute the propriety of the latter joinder. Further, these four Defendants contend that the Central District of California is an inconvenient forum and seek transfers to more convenient venues, if the Court grants severance.

## II. SEVERANCE

Although joinder is normally governed by Federal Rule of Civil Procedure 20, joinder in patent cases is different. Newly enacted statute, 35 U.S.C. § 299, requires a higher standard for joinder, and prohibits joinder unless the relief arises out of the same transactions relating to infringement of the patent-in-suit by the same accused product:

> (a) **Joinder of Accused Infringers.—** With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into

2

> the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> (b) **Allegations Insufficient for Joinder.—** For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.
>
> (c) **Waiver.—** A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

35 U.S.C. § 299.

GBT contends that Defendants each infringe the '793 Patent essentially the same way, since they use the same Intel or Qualcomm baseband processor. (Opp'n 7–8.) And because any differences in the Defendants' accused devices are unrelated to the claims of the '793 Patent, the aggregate facts are the same for all Defendants. (*Id.* at 13.) Therefore, GBT asserts, joinder is proper.

Defendants take a different view. Defendants aver that they do not use the same baseband processor in the accused products. And even if they did, infringement under the '793 Patent requires more than just the baseband processor, and the various Defendants use different components and different methods to allegedly practice the '793 Patent. Because of this variation, Defendants assert that they are improperly joined under 35 U.S.C. § 299.

Although the Federal Circuit has yet to directly address 35 U.S.C. § 299, one case explains the requirements for joinder under Rule 20 and prophesies the reasoning that the Federal Circuit would likely use in the future to address the new statute. There, the court held that the sameness of accused products is insufficient for joinder:

/ / /

/ / /

> Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).

This suggests that if the underlying infringing parts are identically sourced, then defendants may be joined in one suit. But there are other factors to consider, including:

> whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*Id.* at 1359–60.

In light of these factors, Defendants present the following arguments against joinder:

- The fact that the products incorporate the same technology does not negate the fact that the Defendants are unrelated competitors and are being sued for independent acts of infringement;
- Defendants might use the same underlying UMTS 3G process, but they do not make the same product—they make 78 different accused products;
- Even if the Defendants' accused products use Qualcomm or Intel baseband processors, there are at least 15 distinct models of these processors used among the Defendants' accused products;
- Even if the Defendants' accused products use the identical baseband processor, the '793 Patent claims require additional components that the processor does not incorporate—and Defendants use different additional components for their accused products—dictating that these are different products;

- The fact that Intel and Qualcomm are not defendants in this matter suggests that additional components are required for infringement—Intel and Qualcomm cannot infringe the patent without additional components;
- The '793 Patent claims a system, not a process or method—and there is no process or method that the Defendants jointly perform that would make them jointly or severally liable.

The Court finds no evidence that Defendants have any relationship relating to the accused products or infringement of the '793 Patent. Defendants are unrelated competitors that design, manufacture, and sell smartphones and other data-communication devices. Although their products bear some similarity, there is no evidence that their products are identical or that they collaborated in any manner to infringe the '793 Patent. Further, the fact that they may use an identical baseband processor—a fact disputed by Defendants—by itself does not establish that joinder is proper. In reviewing the '793 Patent claims, the Court is skeptical that a baseband processor alone can infringe; other components are required to form the claimed system. Finally, the Court notes that GBT is a non-practicing entity, and that this case will almost certainly not involve a claim for lost profits.[2] *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1548 (Fed. Cir. 1995) ("[I]f the patentee is not selling a product, by definition there can be no lost profits.").

Accordingly, Defendants' motions to sever are **GRANTED**.

### III.   TRANSFER

In addition, Defendants seek to transfer their severed cases to more convenient forums. In motions to transfer under 28 U.S.C. § 1404(a) for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Factors that the court may consider include:

///

---

[2] Yuen Decl. ¶¶ 6–8.

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. . . . the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Id.*

The four Defendants contend that their principal places of business are elsewhere, and not in the Central District of California. Further, the engineering, marketing, and sales teams responsible for the accused products are generally located at or near their principal places of business. Defendants also assert that other than choice of venue, GBT has no relationship to this forum. For instance: the inventors of the '793 Patent reside in Massachusetts and Florida; GBT's headquarters and place of incorporation is not in California; GBT's CEO resides outside of California; and GBT has recently filed two other patents suits against the same Defendants in Delaware and Texas, suggesting that convenience of forum matters not to GBT.

GBT counters the accusations of forum shopping and argues that there is no perfect forum, since there are 33 Defendants spread across 12 federal districts and 5 foreign countries. GBT asserts that its principal place of business is in Los Angeles, California—all of its relevant documents are located there—and that its New Jersey location serves only an administrative function. GBT insists that transfer would likely result in inconsistent judgments and reduce judicial efficiency. GBT also argues that transfer would be prejudicial because of the increased costs relating to litigation in multiple forums. Finally, GBT declares that it plans to subpoena Intel and Qualcomm; and because they are located in the Northern District of California and Southern District of California respectively, the centrality of the Central District of California makes it the best forum.

The Court agrees with GBT that there is no one perfect forum, and that all of the Defendants have sufficient contacts in this district and are therefore subject to personal jurisdiction here. The Court also gives some deference to GBT's choice of forum. But in a case like this, it appears GBT bit off too much, and the forum-related problems are its own doing. For instance, the fact that GBT will suffer prejudice (in the form of increased costs) because it would have to litigate in multiple forums is a problem of its own making. If GBT desires judgment against multiple, unrelated Defendants located in different forums, it will have to put in the work and resources required to accomplish that task. Further—the location of the '793 Patent's inventors, GBT's choice of forum in related suits, and the fleeting nature of GBT's operations and employees—suggests that forum convenience matters little to GBT; and the fact that documents are located in Los Angeles is of little significance. Finally, the convenience of a few third-party witnesses (e.g., Qualcomm engineers) is outweighed by the inconvenience of Defendants' numerous witnesses.

As discussed above, the parties must be severed. Even if the severed parties remain before this Court (in the form of separate cases), the Court is not convinced that there will be any significant saving of judicial resources. Other than the self-inflicted cost of litigating multiple lawsuits in different venues, there appears no cost benefit to keeping the severed cases here. Regardless where the cases are tried, the litigants can structure discovery amongst themselves in a manner most efficient to all parties. There truly is no perfect forum for this case, but forum convenience will have a substantially more significant impact to Defendants than to GBT.

### IV. DISMISSAL

Although the Court finds Defendants' motions to transfer meritorious, the Court finds there are procedural issues prohibiting granting both the motions to sever and motions to transfer. Upon severance, the Court may dismiss the severed parties, or may transfer them under 28 U.S.C. § 1406. *See Anrig v. Ringsby United*, 603 F.2d 1319, 1325 (9th Cir. 1978). But it is unclear whether the Court retains jurisdiction to

transfer the severed parties for *forum non conveniens* under 28 U.S.C. § 1404(a). *See id.* Thus, except for Apple (the first-named party), this Court declines to transfer the severed parties and instead, dismisses them. In the case of Apple, this Court **GRANTS** its motion to transfer.

## V. CONCLUSION

Defendants' motions to sever are **GRANTED**. Motorola Mobility, Amazon.com, Dell, and Apple are hereby severed from this case. In addition, the Court sua sponte severs the remaining Defendants from this case. All Defendants except Apple are hereby dismissed. Apple's motion to transfer to the Northern District of California is **GRANTED**. Motorola Mobility, Amazon.com, and Dell's motions to transfer are **DENIED** for lack of jurisdiction.

The Court is also in receipt of the report regarding venue. (ECF No. 248.) Defendants have indicated the respective jurisdictions they believe are the proper (and most convenient) venues for their respective cases. GBT is encouraged to refile its Complaints in those jurisdictions. If GBT decides to refile here, it must file notices of related cases under L.R. 83-1.3. However, as is hopefully clear, the Court is inclined to grant motions to transfer, to ensure the most convenient venue for the litigants.

**IT IS SO ORDERED.**

September 11, 2012

_____
        **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**